**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHRISTOPHER TUGGLE and   CASE NO.:
ANDREA TUGGLE

    Plaintiffs,

vs.

ALLIED INTERSTATE LLC,   DEMAND FOR JURY TRIAL

    Defendant.
_____/

## COMPLAINT

**COME NOW,** Plaintiffs, CHRISTOPHER TUGGLE and ANDREA TUGGLE (hereafter "Plaintiffs"), by and through undersigned counsel and hereby sue Defendant, ALLIED INTERSTATE LLC (hereafter "AIC") and state as follows:

## PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA"), Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e *et seq.* (hereafter the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

## GENERAL ALLEGATIONS

1. Plaintiffs are individuals residing in Hillsborough County, Florida.

2. This is an action for damages greater than $15,000.00.

3. Jurisdiction and venue are proper pursuant to 15 U.S.C. § 1692i.

4. Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. AIC is a foreign limited liability company as registered with Florida Department of State, Division of Corporations.

6. AIC is a "debt collector", as defined by the FCCPA, Fla. Stat. § 559.55(7) and by the FDCPA, 15 U.S.C. §1692a(6), and does business throughout the state of Florida, including Hillsborough County, Florida.

7. The debt is a consumer debt as defined by the FCCPA, Florida Statute §559.55(6) and FDCPA, 15 U.S.C. §1692a(5).

8. AIC is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

## FACTUAL ALLEGATIONS

9. It is alleged by Defendant that Plaintiff, CHRISTOPHER TUGGLE owes a debt to Defendant relating to a Suncoast Schools Federal Credit Union, Account No. ending in -7050.

10. Plaintiff, CHRISTOPHER TUGGLE, revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication on November 13, 2014 at 11:42 A.M. through a facsimile transmission to Defendant, AIC'S facsimile no. (602) 308-5556. *See* Exhibit "A."

11. Plaintiff, ANDREA TUGGLE, did not give consent to be contacted on this account, as she is not a borrower on this loan. See Exhibit "B."

12. Plaintiff, CHRISTOPHER TUGGLE, did not give consent to contact Plaintiff, ANDREA TUGGLE, on this account, as she is not a borrower on this loan. See Exhibit "C."

13. The following phone number, (772) 410-4271, is a phone number of Defendant, AIC.

14. Plaintiff, CHRISTOPHER TUGGLE'S, cellular telephone number is (813) 293-2526.

15. Plaintiff, ANDREA TUGGLE'S, cellular telephone number is (813) 404-2363.

16. Defendant, AIC, used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls from (772) 410-4271 to Plaintiff, CHRISTOPHER TUGGLE'S, cellular telephone on the following dates and times listed on the call log attached as Exhibit "D."

17. Defendant, AIC, used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls from (772) 410-4271 to Plaintiff, ANDREA TUGGLE'S, cellular telephone on the following dates and times listed on the call log attached as Exhibit "E."

18. Defendant, AIC, knowingly or willfully called Plaintiff, CHRISTOPHER TUGGLE'S cellular telephone from telephone number (772) 410-4271 after Defendant had unequivocal notice that Plaintiff, CHRISTOPHER TUGGLE, was represented by an attorney and could readily ascertain the Firm's contact information.

19. Defendant, AIC, knowingly or willfully called Plaintiff, ANDREA TUGGLE'S cellular telephone from telephone number (772) 410-4271 even though Plaintiff, ANDREA TUGGLE, was not a borrower on the subject loan.

20. Plaintiffs' attorney did not fail to respond within a reasonable period of time to any communication from Defendant, did not consent to Defendant's direct communication with Plaintiffs, and Plaintiffs did not initiate any communications.

21. None of Defendant's telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

22. None of Defendant's telephone calls placed to Plaintiffs were made with Plaintiffs' "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

23. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I

## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(5)

### (CHRISTOPHER TUGGLE V. AIC)

24. Plaintiff incorporates all allegations in paragraphs 1-23 as if stated fully herein.

25. AIC violated the FDCPA, 15 U.S.C. § 1692c(a)(2), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel.

26. Specifically, AIC continued to place phone calls to Plaintiff's cellular telephone despite having actual knowledge that Plaintiff was represented by an attorney.

**WHEREFORE**, Plaintiff, CHRISTOPHER TUGGLE, demands judgment against Defendant, ALLIED INTERSTATE LLC, for the following relief:

a. any actual damages sustained by Plaintiff as a result of the above allegations;

b. statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) in an amount up to $1,000.00;

c. in the case of a successful action sustaining the liability of Defendant, pursuant to 15 U.S.C. § 1692k(a)(3), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

d. any other relief the court deems just and proper.

## COUNT II

## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692c(b)

### (ANDREA TUGGLE V. AIC)

27. Plaintiff incorporates all allegations in paragraphs 1-23 as if stated fully herein.

28. AIC violated the FDCPA, 15 U.S.C. § 1692c(b), when it communicated with Plaintiff, ANDREA TUGGLE, knowing she was a third party and not a borrower on the loan.

29. Specifically, AIC continued to place phone calls to Plaintiff's cellular telephone despite having actual knowledge that Plaintiff was not a borrower on the loan.

**WHEREFORE**, Plaintiff, ANDREA TUGGLE, demands judgment against Defendant, ALLIED INTERSTATE LLC, for the following relief:

a. any actual damages sustained by Plaintiff as a result of the above allegations;

b. statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) in an amount up to $1,000.00;

c. in the case of a successful action sustaining the liability of Defendant, pursuant to 15 U.S.C. § 1692k(a)(3), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

d. any other relief the court deems just and proper.

## COUNT III

### VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

### (CHRISTOPHER TUGGLE V. AIC)

30. Plaintiff incorporates all allegations in paragraphs 1-23 as if stated fully herein.

31. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

32. AIC violated Florida Statute § 559.72(7) when it willfully communicated with the Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

33. Specifically, AIC continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

**WHEREFORE**, Plaintiff, CHRISTOPHER TUGGLE, demands judgment against Defendant, ALLIED INTERSTATE LLC, for the following relief:

  a. any actual damages sustained by Plaintiff as a result of the above allegations;

  b. additional statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

  c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

  d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

  e. any other relief the court deems just and proper.

## COUNT IV

### VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)

### (CHRISTOPHER TUGGLE V. AIC)

34. Plaintiff incorporates all allegations in paragraphs 1-23 as if stated fully herein.

35. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

36. AIC violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel.

37. Specifically, AIC continued to place phone calls to Plaintiff's cellular telephone despite having actual knowledge that Plaintiff was represented by an attorney.

**WHEREFORE**, Plaintiff, CHRISTOPHER TUGGLE, demands judgment against Defendant, ALLIED INTERSTATE LLC, for the following relief:

  a. any actual damages sustained by Plaintiff as a result of the above allegations;

  b. additional statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    c.    pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

    d.    in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

    e.    any other relief the court deems just and proper.

## COUNT V

### VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

### (CHRISTOPHER TUGGLE V. AIC)

38.    Plaintiff, CHRISTOPHER TUGGLE, incorporates all allegations in paragraphs 1-23 as if stated fully herein.

39.    Jurisdiction is proper, pursuant to 47 U.S.C. § 227(b)(3).

40.    AIC used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A) to make telephone calls to Plaintiff's cellular telephone.

41.    AIC independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that AIC placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

42.    The phone calls made by AIC are considered willing and knowing violations of the TCPA, as AIC is a sophisticated credit lender that is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, CHRISTOPHER TUGGLE, demands judgment against Defendant, ALLIED INTERSTATE LLC, for the following relief:

  a.  statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after November 13, 2014;

  b.  an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of AIC's independent violations were made willfully or knowingly; and

  c.  any other relief the court deems just and proper.

## COUNT VI

### VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

### (ANDREA TUGGLE V. AIC)

43. Plaintiff, ANDREA TUGGLE, incorporates all allegations in paragraphs 1-23 as if stated fully herein.

44. Jurisdiction is proper, pursuant to 47 U.S.C. § 227(b)(3).

45. AIC used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A) to make telephone calls to Plaintiff, ANDREA TUGGLE'S, cellular telephone.

46. AIC independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that AIC placed to Plaintiff, ANDREA TUGGLE'S cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

47. The phone calls made by AIC are considered willing and knowing violations of the TCPA, as AIC is a sophisticated credit lender that is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, ANDREA TUGGLE, demands judgment against Defendant, ALLIED INTERSTATE LLC, for the following relief:

  a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations;

  b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of AIC's independent violations were made willfully or knowingly; and

  c. any other relief the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

Date: **August 25, 2015**         Respectfully Submitted,

              /s/ Christopher W. Boss
              Christopher W. Boss, Fla. Bar No.: 013183
              **Boss Law, P.L.**
              9887 Fourth Street North, Suite 202
              St. Petersburg, Florida 33702
              Service Email: cpservice@protectyourfuture.com
              Phone: (727) 471-0039
              Fax:    (888) 503-2182
              **Attorney for Plaintiffs**